United States District Court
Southern District of Texas
**ENTERED**
January 17, 2017
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| MARYANNE PHILLIPS, § | |
|    *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:16-CV-02272 |
| § | |
| BEAULY, LLC AND STARWOOD WAYPOINT § | |
| TRS, LLC., § | |
|    *Defendant*. § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Maryanne Phillips' motion to remand this declaratory judgment and quiet title action against Beauly, LLC and Starwood Waypoint TRS, LLC. Dkt. 4. Phillips contends that removal is barred by 28 U.S.C. § 1332 because there is no diversity. The parties consented to magistrate jurisdiction. Dkt. 23. After reviewing the briefing and the law, the motion to remand is denied.

## Background

Plaintiff Maryanne Phillips filed suit against Beauly, LLC and Starwood Waypoint TRS, LLC ("Starwood") in Texas state court. On July 29, 2016, Defendants timely removed the case to federal court on the basis of diversity jurisdiction. Dkt. 1. Philips filed her motion to remand August 17, 2016. Dkt. 4. Defendants responded September 15, 2016. Dkt. 14. Phillips contends that the case must be remanded because there is no diversity of citizenship.

## Analysis

A civil action brought in state court may be removed to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). Original jurisdiction extends to controversies "between Citizens of different States." U.S. CONST art. III, § 2, cl. 1. Diversity jurisdiction exists only if there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Lincoln Prop. Co. v. Rocke*, 546 U.S. 81, 89 (2005) (explaining that the citizenship of all plaintiffs must be diverse form the citizenship of all defendants). The removing party bears the burden of showing that federal jurisdiction exists. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)(citations omitted). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." *Eastus v. Ble Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (citation omitted).

Phillips argues that because Starwood Waypoint conducts all business relating to Texas out of offices in Houston and Dallas, there is no complete diversity since Phillips is a Texas resident. Dkt. 4 at 5. Her argument assumes that the proper test for determining the citizenship of a limited liability company is the "total activity test" defined in *Friend v. Hertz Corp.*, 297 Fed Appx. 690 (9th Cir. 2008).

Phillips is incorrect for two reasons. First, the "total activity" test for corporation citizenship was overturned by the Supreme Court, which, instead, adopted the "nerve center" test for that purpose. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

More importantly, however, the test for citizenship of limited liability companies differs from the test used for corporations. The LLC is determined by the citizenship of

each of its members for purposes of diversity jurisdiction. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). Here, it is undisputed that the sole member of Beauly, LLC and Starwood Waypoint TRS, LLC is Starwood Waypoint Borrower, LLC, a Delaware entity with its headquarters in Oakland, California. Since no defendant is a citizen of Texas, complete diversity remains intact.

## Conclusion

For these reasons, Phillips' motion to remand is denied.

Signed at Houston, Texas, on January 17, 2016.

*[signature]*
Stephen Wm Smith
United States Magistrate Judge