UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARYANNE PHILLIPS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-CV-02272 |
| | § | |
| BEAULY, LLC AND STARWOOD WAYPOINT TRS, LLC., | § § § | |
| *Defendant*. | § | |

### MEMORANDUM AND ORDER

Before the Court is defendants Beauly, LLC and Starwood Waypoint's Rule 12(b)(6) motion to dismiss (Dkt. 20) and plaintiff Maryanne Phillips's second motion for leave to amend her complaint (Dkt. 25). The parties consented to magistrate judge jurisdiction. Dkt. 23. After reviewing the pleadings and the law, Defendants' motion for summary judgment is granted, and Phillips's motion for leave is denied.

### Background

Plaintiff Maryanne Phillips initially filed suit against Beauly, LLC and Starwood Waypoint TRS, LLC ("Starwood") in Texas state court. On July 29, 2016, Defendants timely removed the case to federal court on the basis of diversity jurisdiction. Dkt. 1. On November 5, 2008, Phillips executed a "deed of trust" granting a security interest in real property in favor of JPMorgan Chase ("JPM"). Dkt. 20 at 4. Phillips defaulted in payment and, on April 3, 2012, JPM took title via a substitute trustee's deed. Dkt. 20-2. On October 24, 2014, Beauly purchased the properly from JPM at auction and Beauly subsequently transferred the properly to Starwood Waypoint via general warranty deed. Dkt. 20 at 5.

## Analysis

Phillips's complaint alleges that (1) she is entitled to quiet title; (2) the defendants cannot evict Phillips because the statute of limitations has expired; (3) the defendants violated Phillips' constitutional right to due process; and (4) injunctive relief is appropriate.[1] Plaintiff also requests leave to amend her complaint. If allowed, the second amended complaint would add another cause of action alleging the property was fraudulently transferred from Beauly to Starwood Waypoint. Now, Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. 20.

### I. Defendants' Rule 12(b)(6) Motion to Dismiss[2]

Federal Rule of Procedure 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief may be granted. In reviewing a pleading under Rule 12(b)(6), the Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). However, only facts are entitled to an assumption of truth; legal conclusions unsupported by factual allegations do not suffice. *Id*. To survive a Rule 12(b)(6) motion to dismiss, the allegations must be enough

---

[1] Phillips' response to the motion to dismiss indicates that any request for injunction is withdrawn. Dkt. 26 at 8. Therefore, the claim for injunctive relief is withdrawn.

[2] *Phillips's petition refers to a "deed of trust", "substitute trustee's deed", and "deed without warranty" as the controlling documents in question, but did not attach them to her petition. Generally, on a Rule 12(b)(6), the Court's consideration is limited to the contents of the pleadings and any attachments to the pleadings. Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). **Because the previously mentioned documents are attached to Defendants' motion (Dkt. 20-1; 20-2; 20-3), the Court may properly consider the documents in its analysis.** *Catalina*, **748 F.3d at 635 ("The Court may also consider documents attacked to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to plaintiff's claims.").**

to state a claim of relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### A. Quiet Title

Phillips claims that she has a right in the real property because JPM violated the "deed of trust" when it transferred title via a "deed without warranty." Dkt. 16 at 6. To prevail in an action to quiet title, the plaintiff must prove: (1) her right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title, and (3) that the defendant's claim or encumbrance is invalid." *Warren v. Bank of America, N.A.*, 566 Fed. App'x 379, 382 (5th Cir. 2014). To quiet title in her favor, Phillips "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. 2000).

As an initial matter, Phillips has not shown that she is entitled to the property. She has not alleged any facts that would lead the Court to believe she has title in the property. Phillips seems to rely heavily on her belief that a "deed without warranty" is invalid. On the contrary, transferring title via a deed without warranty has no bearing on the validity of the transfer. *Young v. Rudd*, 226 S.W.2d 469, 472 (Tex. Civ. App. 1950).

3

Phillips also asserts that, at some point, the Housing and Urban Development Department (HUD) made arrangements to and did reinstate the loan, giving her superior title to the property. Dkt. 16 at 2. However, the pleadings are devoid of any indication that the reinstatement occurred and the argument holds no water.

Moreover, Phillips does not claim any wrongdoing by Defendants and the Court could not reasonably believe that Defendants are liable for the alleged conduct. The only purported wrongdoer is JPM, which is not a party to this action. Phillips's claim for quiet title is dismissed.

### B. Trespass Statute of Limitations

Phillips contends that because JPM failed to evict Phillips within two years of foreclosing on the property, and because Defendants did not move to evict within the limitations period, Defendants are barred from bringing an action for trespass. Dkt. 16 at 6. The statute of limitations is an affirmative defense raised in a party's response to a pleading. FED. R. CIV. P. 8(c). Defendants have not asserted any counterclaims against Phillips in this matter. Consequently, the claim is not appropriate and must be dismissed.

### C. Fourteenth Amendment Due Process and 42 U.S.C. § 1983

Phillips alleges that because she was never afforded the right to object to the transfer of title from Beauly to Starwood Waypoint, her constitutional right to due process was violated. Dkt. 16 at 4. To state a claim under § 1983, Phillips must allege facts that show (1) she has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999). Defendants are private actors not

4

subject to liability pursuant to 42 U.S.C. § 1983. Phillips has made no allegation that Defendants are state actors within the meaning of § 1983. Thus, she has failed to state a viable claim under § 1983 and the claim is dismissed.

### D. Declaratory Judgment

When a declaratory judgment action is filed in state court and subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. The Declaratory Judgment Act is a procedural device that creates no substantive rights; rather, it requires the existence of a justiciable controversy. *Lowe v. Ingalls Shipbuilding, A Div of Litton Sys., Inc.*, 723 F.2d 1173 (5th Cir. 1984); *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937). "Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). As explained, Phillips has not alleged facts that would lead to the conclusion that a present controversy exists between Phillips and Defendants. Therefore, Phillips's request for declaratory judgment is dismissed.

## *II. Plaintiff's Motion for Leave to Amend*

Generally, leave to amend should be freely given if justice so requires. FED. R. CIV. P. 15(a). However, leave is by no means guaranteed. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). In denying leave, the Court considers factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of

amendment, etc." *U.S. ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 403-04 (5th Cir. 2004)(internal citation omitted).

Phillips suggests that this second amendment should be allowed because it is made in good faith, would cure any defects, and will not prejudice the defendants. Dkt. 25 at 2. The Court disagrees. The proposed amendment would add a new claim for fraudulent and voided transfer (Dkt 25-1 at 8) and add insignificant changes to the initial claims. The additions cannot cure the likely incurable defects in the complaint. The assertions in the complaint, including the fraudulent transfer claim, are unfounded conclusory allegations. Therefore, the motion is denied.

## **Conclusion**

For these reasons, Defendants' motion to dismiss (Dkt. 20) is granted, and Phillips's second motion to amend (Dkt. 25) is denied.

Signed at Houston, Texas, on August 7, 2017.

_____
Stephen Wm Smith
United States Magistrate Judge